# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**CHARLES V. SHIRLEY**                                    **CIVIL ACTION**

**VERSUS**

**FLUOR CORPORATION, ET AL.**                   **NO.: 19-00223-BAJ-RLB**

## RULING AND ORDER

Before the Court are Defendant Liberty Life Assurance Company of Boston's ("Liberty Life") **Motion to Dismiss (Doc. 43)**, Defendant Fluor Corporation's ("Fluor") **Motion to Dismiss (Doc. 44)**, and Liberty Life's **Joinder in Fluor Corporation's Motion to Dismiss (Doc. 45)**. Plaintiff filed an Opposition (Doc. 47) to Fluor's Motion and Liberty Life's Joinder. Plaintiff also opposed Liberty Life's individual Motion. *See* (Doc. 48). Defendants each filed a Reply. (Docs. 54, 55). For the reasons stated herein, Defendants' Motions (Docs. 43, 44 & 45) are **GRANTED**.

## I. BACKGROUND

Plaintiff is a former employee of Defendant Fluor. After suffering "disabling health conditions" in July of 2014, Plaintiff received short-term disability ("STD") benefits under Fluor's employee welfare benefit plan (the "Plan") until January 8, 2015. (Doc. 32 at ¶ 10). During this time, Plaintiff filed a claim for long-term disability ("LTD") benefits, which were funded by an insurance policy (the "Policy") Defendant Liberty Life issued to Fluor. (*Id*. at ¶ 11). Liberty Life denied Plaintiff's LTD claim on February 3, 2015, finding that Plaintiff was not disabled. (*Id*. at ¶ 13). Plaintiff

returned to work with Fluor incrementally from March of 2015 through late 2016. (Doc. 32 at ¶ 16). Plaintiff submits that he has not received his employment records necessary to determine his end date despite requesting them, but that a review of Liberty's claim file indicates he was terminated as of October 16, 2016. (*Id.* at ¶ 20).

Plaintiff claims that he has been denied copies of the Plan and Policy despite multiple requests to Defendants, requiring Plaintiff and his counsel to "blindly" appeal Defendants' denial of Plaintiff's requests. (Doc. 32 at ¶ 22). Liberty Life advised Plaintiff that they only provide administrative services, so the documents must be obtained through Fluor. (*Id.* at ¶ 23). Fluor advised Plaintiff that they could not provide a copy of the Plan because he was not covered at the time of his separation from Fluor. (*Id.*)

On January 18, 2018, Plaintiff attempted to file another LTD benefit claim. (*Id.* at ¶ 26). In response, a representative from Liberty Life contacted Plaintiff's counsel telephonically and informed counsel that Plaintiff's existing LTD benefit claim from November 2014 had already been denied, and that an STD benefit claim must be filed before any new LTD claim. (*Id.*) Accordingly, Plaintiff filed an STD benefit claim telephonically in January of 2018. This claim was denied, and Plaintiff appealed on June 21, 2018. (*Id.* at ¶ 27). Plaintiff's appeal was subsequently denied by letter dated October 4, 2018, informing Plaintiff that he had not shown good cause for the failure to file his claim within a year of the onset of his disability. (Doc. 32 at ¶ 28). Plaintiff alleges that he filed a second appeal, as permitted by the letter, but that it was allegedly never received by Liberty Life. (*Id.* at ¶ 29–30).

Seeing no path forward, Plaintiff brought this suit claiming that he was wrongfully denied disability benefits by Defendants under a policy governed by the Employment and Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). (Doc. 32 at ¶ 1). Plaintiff additionally seeks statutory penalties under 29 U.S.C. § 1132(c)(1) for Defendants' failure to provide copies of the requested Plan documents, in violation of 29 U.S.C. § 1024(b)(4). (*Id*. at ¶ 33–35).

In response, Defendants filed the instant Motions to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). As the Motions use substantially similar arguments to address Plaintiff's claims and because Liberty Life's Joinder (Doc. 45) simply seeks to add themselves to Fluor's individual Motion to Dismiss (Doc. 44), the Court considers all three Motions in tandem.

## II. LEGAL STANDARD

To overcome Defendants' Motions, Plaintiff must plead plausible claims for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendants are liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (*citing Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Plaintiff's complaint and views those facts in the light most favorable to Plaintiff. *See Midwest Feeders, Inc.*, 886 F.3d at 513.

On a Rule 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). *See also* Fed. R. Civ. P. 12(d)

3

(if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56). However, a court properly considers documents attached to a Rule 12(b)(6) motion to dismiss to be part of the pleadings if the plaintiff refers to those documents and they are central to the claim. *See Collins*, 224 F.3d at 498–99.

The Court properly considers the terms of the Plan and the Policy at this stage. Plaintiff's entitlement to relief hinges on the terms of the Plan and Policy, which were referenced abundantly in his Amended Complaint and attached to Defendants' Motions. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (Considering insurance contracts attached to defendants' motions to dismiss as part of pleadings when assessing the motions "because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims"), *citing Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

In his Amended Complaint, Plaintiff seeks an award of LTD benefits from January 2015 to the present, with interest, an award of future LTD benefits from the present forward, and any award of STD benefits that the Court sees fit. (Doc. 32 at p. 12–13). Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff may bring a civil action to: (1) recover benefits due to him under the terms of an ERISA plan, (2) to enforce his rights under the Plan, (3) or to clarify his rights to future benefits under the Plan. Prior to filing a suit under ERISA, Plaintiff "must exhaust any administrative remedies

4

provided by the plan." *Walker v. Nerco Inc.*, 134 F.3d 368 (5th Cir. 1997). Plaintiff is "bound by the plan's administrative procedures and must use them before filing suit even if they have no notice of what those procedures are." *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 480 (5th Cir. 2000).

## III. DISCUSSION

### A. Timeliness

Defendants argue that Plaintiff's claims seeking benefits under the Plan are time-barred for failure to timely exhaust administrative remedies. (Doc. 43–1 at p. 1); (Doc. 44–1 at pp. 1–2). In order to exhaust administrative remedies, Plaintiff must have timely submitted his benefits claims following procedures set forth in the Plan. To satisfy this requirement, Plaintiff must have also filed a timely administrative appeal. *Moss v. Unum Grp.*, 638 F. App'x 347, 349 (5th Cir. 2016).

The Plan provides that "under no circumstances will a benefit be paid if a claim is filed more than one year following your date of disability." (Doc. 44–2 at p. 9). It further provides that a Proof of Claim must be filed no later than three months after the end of the Elimination Period, which is defined as the greater of 180 days from the loss or the end of STD benefits. (Doc. 44–3 at p. 7). Any appeal from denial of a claim must be taken within 180 days. (Doc. 44–2 at p. 12).

There are two instances in which Plaintiff's benefits claims were denied, and one instance of an appeal that was denied. The first claim was an LTD benefit claim filed while Plaintiff was receiving STD benefits during his disability leave in 2014-2015. The LTD claim was denied by letter dated February 3, 2015. Plaintiff did not

5

appeal this, but instead returned to work for Fluor. Plaintiff did not file another claim until January 2018, which stemmed from his permanent absence from Fluor beginning in November of 2016, following several terms of intermittent employment.[1]

It is not clear from the record whether this second claim was intended to stem from a new disability, assert a new claim based on the prior disability, or serve as an appeal of the February 3, 2015 denial. Under all interpretations, the second claim, which Plaintiff's current claims stem from, is time-barred under the terms of the Plan. The January 2018 claim, submitted by Plaintiff's counsel on his behalf, improperly sought LTD benefits before filing an STD claim. A representative from Liberty Life notified Plaintiff's counsel of this discrepancy and reminded counsel that Plaintiff's original LTD claim had been denied in 2015 (Doc. 32, at ¶26). Accordingly, Plaintiff filed a new STD claim, which also requested "any other benefits [Plaintiff] is entitled to, including Long Term Disability Benefits," which was also denied. (Doc. 34–1 at p. 1). As Defendant's representative informed Plaintiff, an LTD claim must follow an STD claim, and Plaintiff's STD benefits claim was untimely. Plaintiff's second benefits claim was filed more than a year after Plaintiff left Fluor permanently for disability, which is beyond the one-year limitation for an STD benefit claim. It is also well beyond the 180-day deadline for appealing any claim denial, since Plaintiff's previous claim was denied nearly three years prior.

---

[1] The parties disagree over the date of Plaintiff's permanent leave from Fluor. For purposes of considering the Motions to Dismiss, the Court analyzes timeliness as though it were the November date Plaintiff alleges.

In response, Plaintiff argues that the notice-prejudice rule should be applied to render the claims timely. (Doc. 47 at p. 8). In support, Plaintiff avers that the Plan is governed by Texas law, which has adopted the notice-prejudice rule. *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 634 (Tex. 2008). Plaintiff argues that the Rule is not preempted by ERISA because of the savings clause that applies to insurance claims. However, an exception to the ERISA savings clause has been recognized in the context of self-insured plans. *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 367 n.2 (1999). STD benefits under the Plan were self-funded by Fluor, and therefore not subject to the notice-prejudice rule. (Doc. 44–2 at p. 13). The LTD claim Plaintiff attempted to bring with the STD claim in January of 2018 was improperly brought under the terms of the Plan, as explained to Plaintiff's counsel telephonically, and could not constitute a new claim.

**B. Statutory Penalties**

Liberty Life argues that Plaintiff's statutory penalty claim under 29 U.S.C. § 1132(c)(1) for failure to provide Plan documents fails because Liberty Life was not the Plan administrator. (Doc. 43–1 at p. 10). In his Opposition (Doc. 48), Plaintiff concedes as much and abandons this claim against Liberty Life while maintaining that it is properly brought against Fluor as the administrator. (Doc. 48 at p. 13).

Under 29 U.S.C. §1024(b)(4), the administrator of an ERISA plan is required to furnish a copy of the latest "summary, plan description, and…the bargaining agreement…contract, or other instruments under which the plan is established or operated" upon written request of any participant or beneficiary. Plaintiff has not

properly alleged that he was a participant or beneficiary at the time he requested the documents in April of 2018.

A participant is defined under ERISA as "any employee or former employee…who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7); *see also Hager v. DBG Partners, Inc.*, 903 F.3d 460, 465 (5th Cir. 2018). A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The Supreme Court of the United States has interpreted this to apply to former employees only if they have a "reasonable expectation of returning to covered employment or colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989). Lastly, this Circuit has held that non-vested former employees are not plan participants and therefore may not recover statutory penalties under ERISA, such as those Plaintiff seeks under § 1132(c)(1). *Nugent v. Jesuit High School*, 625 F.2d 1285, 1286 (5th Cir.1980).

Here, Plaintiff was not a participant in the Plan at the time he requested the documents, and therefore was not entitled to them under § 1024(b)(4), as he was neither an employee nor a former employee with a colorable claim for benefits. In his Amended Complaint, Plaintiff admits he was not an employee when he submitted the document request but argues "that he was a former employee with a colorable claim to benefits," an assertion likely based on his incorrect calculation of filing deadlines. (Doc. 47 at p. 13). As discussed *supra*, Plaintiff did not have any colorable claim for

benefits as of April of 2018. His final deadline to file for benefits had elapsed by January of 2018.

## IV. CONCLUSION

Under the binding terms of the Plan governed by ERISA, Plaintiff has failed to state a claim for denial of benefits due to failure to exhaust administrative remedies. Because no further exhaustion of administrative remedies is possible, his claims must be dismissed with prejudice. *Perry v. Prudential Co. of Am.*, No. CIV.A. 11-559-CN, 2012 WL 253403, at *5 (M.D. La. Jan. 26, 2012) (finding that dismissal with prejudice was appropriate when further administrative proceedings were rendered impossible because the plaintiff's 180-day period to file administrative appeal had expired). Plaintiff has additionally failed to allege that he was a participant entitled to statutory penalties under 29 U.S.C. § 1132(c)(1).

Accordingly,

**IT IS ORDERED** that Defendant Liberty Life Assurance Company of Boston's **Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43) is GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Fluor Corporation's **Motion to Dismiss (Doc. 44) is GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Liberty Life Assurance Company of Boston's **Joinder in Fluor Corporation's Motion to Dismiss (Doc. 45) is GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**. A final judgment shall follow in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 24th day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**